993 F.2d 1540
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Quentin Wendell HALEY, Defendant-Appellant.
 No. 92-5742.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 3, 1993
Decided: May 20, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. John A. MacKenzie, Senior District Judge. (CR-92-26-NN)
 James O. Broccoletti, Zoby & Broccoletti, Norfolk, Virginia, for Appellant.
 Kenneth E. Melson, United States Attorney, Arenda L. Wright Allen, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before RUSSELL and HALL, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Quentin Wendell Haley was convicted by a jury of conspiracy to assault a federal officer, 18 U.S.C. § 371 (1988), assault on a federal officer, 18 U.S.C.A. §§ 111(a)(1), (b), 2 (West 1969 & Supp. 1992), and aiding and abetting the use of a firearm in a crime of violence, 18 U.S.C.A. § 924(c) (West Supp. 1992), 18 U.S.C. § 2 (1988). He appeals his conviction and his sentence. We affirm.
 
 
 2
 During the evening of November 8, 1991, Haley offered to trade crack cocaine for food stamps held by Department of Agriculture undercover agent Francis Riddick. Haley told Riddick to meet him around the corner in an alley or small parking area. When the agent followed Haley's car into the alley, Haley told him to wait there, and walked away into a darker area. After a few minutes, Haley returned with several friends. He told Riddick to be careful because "vice" had been coming around. Then he said, "Hey man, is that vice coming, you-all?"
 
 
 3
 Haley's friends began chanting, "Vice, vice, vice," and Riddick saw that one on each side of him had drawn guns. He attempted to evade them and fell or was pushed down while one of them told him to give up the food stamps. Instead, he pulled his gun and shot toward one of them, then ran. He hid behind a dumpster, saw the flash from a gun, and fired once more. The agent escaped without injury and found his back-up team, who had been monitoring the transaction.
 
 
 4
 Haley testified that when he left Riddick in the alley he called his girlfriend from a nearby phone. He said he broke off in the middle of his call to go back to his car because he had left a soda and his keys on top of the car. As he walked away again he passed a group of people he knew coming toward Riddick, laughing about vice cops. He said he may have made a comment about being careful of vice. He said that when he was back on the phone, he heard shots. The jury convicted Haley of all three counts.
 
 
 5
 Haley contends on appeal that the evidence was insufficient to support a conviction because the government did not show that Haley knew Riddick was a federal agent. Knowledge that the victim is a federal officer is not necessary for a conviction ofs 111, although in certain circumstances it may be an affirmative defense. United States v. Feola, 420 U.S. 671 (1975); United States v. Williams, 604 F.2d 277 (4th Cir.), cert. denied, 444 U.S. 967 (1979). Haley did not assert an affirmative defense, but instead testified that he was not present when the assault occurred and had no involvement in it. The jury did not find his account credible, and the evidence was sufficient, taken in the light most favorable to the government, United States v. Tresvant, 677 F.2d 1018 (4th Cir. 1982), for a reasonable jury to find Haley guilty.
 
 
 6
 Haley contends that the district court misapplied the sentencing guidelines by giving him a two-level increase under guideline section 2A2.2(b)(1)* for more than minimal planning, and a two-level adjustment for being an organizer in the offense. U.S.S.G.s 3B1.1(c). He argues that the enhancement for more than minimal planning was double-counting because conspiracy necessarily involves more than minimal planning, and also that the district court was clearly erroneous in finding that there was more than minimal planning. He also contests the court's finding that he was an organizer.
 
 
 7
 We find no error in the guideline application. Where a defendant is convicted both of conspiracy and the underlying substantive offense, the conspiracy is always grouped with the substantive offense, and the specific offense characteristics for the substantive offense are used to set the offense level. See U.S.S.G. §§ 2X1.1(a), 3D1.2, comment. (n.4).
 
 
 8
 Moreover, the district court could find by a preponderance of the evidence that Haley engaged in more than minimal planning by directing the agent into the alley and instructing him to wait there, and that he was an organizer of the assault, since he returned with those who carried it out. Its fact findings on these questions were not clearly erroneous.
 
 
 9
 Haley also argues that it was impermissible double-counting to give him an adjustment for his role in the offense as well as an enhancement for more than minimal planning when both were based on the same conduct. This claim was not made in the district court, and is not properly raised on appeal. United States v. Davis, 954 F.2d 182 (4th Cir. 1992). Because we have previously held that both enhancements may be made, the district court did not commit plain error in doing so. United States v. Curtis, 934 F.2d 553 (4th Cir. 1991).
 
 
 10
 Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)